IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

Filed at 9:54 A M
DATE 8/21/2013
DEPUTY CLERK, US. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : DOCKET NO. 4:12-CR-1 (CDL) |
| FABIAN BRITT | : |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and Fabian Britt, hereinafter referred to as "Defendant," and defendant's undersigned attorney, as follows:

**(1)**

Defendant acknowledges that he has reviewed and discussed the indictment against him in this matter with his attorney and his attorney has explained to defendant his understanding of the government's evidence.

**(2)**

The defendant understands that he is not required to plead guilty, and that he has the right to plead not guilty and to elect instead to be tried by jury. The defendant understands that at a jury trial, he would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. The defendant

understands that he would be entitled to the services of a lawyer at all stages of such a trial. The defendant understands that he would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in defendant's own behalf. The defendant understands that he would have the right to testify in his own behalf, but that he could not be compelled to do so. Defendant has discussed these rights with his attorney. Defendant is satisfied with the services of his lawyer. Defendant knowingly and voluntarily waives his right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 ( 2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. The Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of his rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:



(A)     The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Indictment, Making a Threat Against the President of the United States, in violation of 18 U.S.C. §871.

(B)     That defendant fully understands that his plea of guilty as set forth in Subparagraph (A), above, will subject him to a maximum sentence of 5 years imprisonment, a maximum fine of $250,000, or both, a term of supervised release of 3 years, and a mandatory assessment of $100.00.

(C)     The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses.  Removal from the United States and other consequences are the subject of a separate proceeding.  The defendant understands that no one, including his counsel and the District Court, can predict with any certainty the effect of this guilty plea on the defendant's immigration status.  The defendant nevertheless affirms his decision to plead guilty regardless of the immigration consequences.

(D)     The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from his counsel, the government, or the Probation Office.  The defendant further acknowledges and agrees that defendant will not be allowed to withdraw his plea because he has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the



Presentence Report and found by the Court to be the correct advisory guideline range.

(E)     The defendant understands fully and has discussed with his attorney that the Court will not be able to determine an advisory guideline sentence until after a presentence investigative report has been completed.  The defendant understands and has discussed with defendant's attorney that he will have the opportunity to review the presentence investigative report and challenge any facts reported therein.  The defendant understands and has discussed with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Presentence Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(F)     Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(G)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(H)     The defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence.  Once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or any other court review of defendant's sentence, and the defendant's waiver includes any collateral attack on the District Court's sentence.  However, in the event that the



District Court imposes a sentence that exceeds the advisory guideline range as determined by the District Court, then the defendant shall retain the right to pursue a timely appeal of the sentence directly to the Court of Appeals after the District Court imposes its sentence.

The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's opportunity to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney notices an appeal of the defendant's sentence, then the defendant shall have the right to cross-appeal from the sentence.

(I) The defendant understands that the Government may have various items of biological evidence in its possession in connection with this case that could be subjected to DNA testing. Biological evidence for this purpose is defined as any sexual assault forensic examination kit and any other evidence that, in the course of the investigation and prosecution of this matter, has been detected and has been identified as semen, blood, saliva, hair, skin tissue, or some other type of biological material.

The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of any such biological evidence pursuant to 18 U.S.C. § 3600 in an attempt to prove defendant's innocence. The defendant fully understands this right to have any and all of the biological evidence in this case tested for DNA, has discussed this right with defendant's counsel, and knowingly and voluntarily waives the right to have such DNA testing performed on the biological evidence in this case. Defendant fully understands that because defendant is waiving this right, the biological evidence in this case

will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)   That he will accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought solely in this district against the defendant.

(B)   The government agrees that it will not oppose a sentence at the low end of the advisory guideline range, provided however that the defendant understands and agrees that the government will make any relevant investigative information available to the U.S. Probation Office and the Court.

(C)   If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the defendant receive a downward adjustment in the advisory guideline range. The decision whether the defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion.   The United States expressly reserves its right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal

use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the defendant, by and through defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

**Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree that at trial the United States could prove the following beyond a reasonable doubt:**

On 4/23/11 the White House received a letter in the United States mail addressed to "Mr. President" with a return address of:

Fabian Britt 1058815
C-3-8
J.T. Rutledge State Prison
7175 Manor Rd.
Columbus, GA 31907

The letter stated in part:

*"Obama die. I going to kill you Obama. Theses voice help! My life means nothing, nothing at all. It's your fault Mr. President. The funny thing is that's why I'm writing to you. Nobody understands me and my condition. These voices drive me uncontrollable sometimes. I need to kill. I want someone to kill. Mr. President that someone is you. I'm going to kill you Mr. President and then I'm going to kill myself after. I have no one and no one cares. Can't wait to kill you, be there soon. – Fabian Britt.*

A preliminary investigation by the United States Secret Service (hereinafter USSS) revealed that the defendant was convicted in Federal court in 2002 of sending a very similar letter to the White House threatening to kill President George W. Bush. This letter was also mailed while the defendant was in the custody of the Georgia Department of Corrections.

It was learned that the defendant had recently been transferred from Rutledge State Prison to another facility. The defendant was interviewed at the Augusta State Medical Prison (where he was serving a felony state sentence) by an agent with the USSS in May of 2011 in regards to the threatening letter to President Obama. He would not speak about the current

case without an attorney present, but agreed to answer questions concerning his mental status and personal history that were part of the USSS Protective Intelligence Worksheet. The defendant admitted to previously threatening to kill President Bush and stated he was suicidal and suffered from hallucinations as well as other mental infirmities. When asked why he would want to kill the President, he responded "they do not do right, they say one thing and do another." When asked how he planned to kill the President he stated he hadn't thought about it.

The USSS Forensic Services Division compared the handwriting of the threatening letter to two samples of the defendant's handwriting contained on "an inmate statement" and an "inmate orientation checklist" provided by the Augusta State Medical Prison. The conclusion was that the defendant probably wrote the threatening letter to President Obama.

The defendant agrees and stipulates that all of the allegations contained in the indictment are true and correct.

(8)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this **21st** day of **August**, 2013.



MICHAEL J. MOORE
UNITED STATES ATTORNEY

BY: _____
CRAWFORD SEALS
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 633010

10

I, Fabian Britt, have read this agreement and had this agreement read to me by my attorney, William J. Mason. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
Fabian Britt
DEFENDANT

I, William J. Mason, attorney for defendant Fabian Britt, have explained the Indictment and the government's evidence received through discovery and my investigation of the charge to defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

_____
William J. Mason
ATTORNEY FOR DEFENDANT

11

F.B.